**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF TENNESSEE**

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. 3:24-CR-113-TAV-JEM |
| | ) | |
| TIFFANY HANEY, et al. | ) | |
| | ) | |
| Defendants. | ) | |

## <u>UNITED STATES' TRIAL BRIEF REGARDING QUESTIONING RELATED TO DR. SCARIANO</u>

During cross-examination of government witness Bryan Cross, defense counsel asked Agent Cross whether "[t]he FBI's theory when it did the search warrant was that there were kickbacks between Scariano and Rocky Hill Pharmacy." (March 9, 2026, Realtime Rough Draft Transcript at 254.) In response to the government's objection, defense counsel argued that the question is relevant "[b]ecause they came up with a new theory." (*Id.*)

This Court has already ruled *in limine* that the defendants are precluded from implying or stating that the government acted unlawfully by executing a search warrant at Rocky Hill Pharmacy. (Doc. 255, Pretrial Conference Minutes; *see also* Doc. 241, Gov't Motions in Limine at 4-5.) Under Federal Rules of Evidence 401 and 403, the Court should now preclude the defendants from engaging in this closely related line of questioning regarding the FBI's "theory" underpinning the search.

The defendants are not charged with receiving or soliciting kickbacks from Dr. Scariano, so whether the FBI investigated such kickbacks has no relevance to this proceeding. Nor does the fact that the FBI's understanding of the case may have evolved over time make any fact of consequence—*i.e.*, and fact relevant to the charges in the Third Superseding Indictment—more or less probable. *See* Fed. R. Evid. 401.

This line of questioning is, however, likely to confuse the issues, mislead the jury, and waste time. *See* Fed. R. Evid. 403. In particular, this line of questioning will invite the jury to surmise that if the government did not pursue charges related to one theory of the case, it should not have pursued charges related to *any* theory of the case—a logical fallacy that will only distract the jury from the evidence related to the charges at hand. This line of questioning may also invite erroneous speculation that the search itself was not legally justified, which would run afoul of the Court's previous ruling in limine. This Court should therefore sustain the United States' objection.

Respectfully submitted,

Francis M. Hamilton III
United States Attorney

By:  *s/ Brian Samuelson*
Jeremy S. Dykes, Maryland Bar Member
Brian Samuelson, Bar No. 1403015 (Alaska)
Assistant United States Attorneys
800 Market Street, Suite 211
Knoxville, Tennessee 37902
(865) 545-4167
jeremy.dykes@usdoj.gov
brian.samuelson@usdoj.gov

2